| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY |
| FORMAN HOLT ELIADES & YOUNGMAN LLC<br>80 Route 4 East, Suite 290<br>Paramus, NJ 07652<br>(201) 845-1000<br>Special Counsel for Barbara A. Edwards, as the successor chapter 7 trustee Inteco International Trade, LLC<br>Harry M. Gutfleish (HMG-6483)<br>Brigette McGrath (BM-8689) |

| | |
|---|---|
| In re:<br><br>INTECO INTERNATIONAL TRADE, LLC,<br><br>　　　　　　Debtor. | Chapter 7<br>Case No. 10-45337 (NLW) |
| BARBARA A. EDWARDS, as the successor chapter 7 trustee for Inteco International Trade, LLC,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>PETER SINETOS,<br><br>　　　　　　Defendant. | Adv. Pro. No. 12- |

**COMPLAINT TO AVOID AND RECOVER**
**FRAUDULENT TRANSFERS AND FOR OTHER RELIEF**

　　　Barbara A. Edwards, the successor chapter 7 trustee (the "Trustee") for Inteco International Trade, LLC (the "Debtor"), through her special counsel, Forman Holt Eliades & Youngman LLC, as and for her complaint against Peter Sinetos (the "Defendant"), alleges upon information and belief that:

00163522 - 2

## JURISDICTION AND VENUE

1. This adversary proceeding arises under 11 U.S.C. §§544, 547 and 550 and N.J.S.A 25:2-25, N.J.S.A. 25:2-27, N.J.S.A. 25:2-29 and N.J.S.A. 25:2-30.

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334(b).

3. This adversary proceeding is a core proceeding as defined in 28 U.S.C. §157(b)(2)(A), (F) and (O).

4. Venue is proper in this District pursuant to 28 U.S.C. §1409(a).

## THE PARTIES

5. On August 18, 2011, the Office of the United States Trustee appointed the Trustee to serve as the successor chapter 7 trustee for the Debtor's bankruptcy estate.

6. The Defendant is an individual residing at 3211 Shore Drive, Merrick, New York 11566.

7. At all relevant times, the Defendant was a managing member of the Debtor.

## FACTUAL BACKGROUND

**A.    Procedural Background**

8. On November 15, 2010 (the "Petition Date"), Dell's Maraschino Cherries, Inc., Littler Brokerage Co., Inc. and JAG Specialty Foods, LLC filed an involuntary petition for relief on behalf of the Debtor under chapter 7, title 11 of the United States Code, 11 U.S.C. §101 *et. seq.* (the "Bankruptcy Code").

9. On January 25, 2011, this Court entered an Order for relief for the Debtor under chapter 7 of the Bankruptcy Code.

10. Also on January 25, 2011, the Office of the United States Trustee appointed Daniel J. Yablonsky to serve as the chapter 7 trustee for the Debtor's bankruptcy estate.

11. As of August 18, 2011, the Trustee continues to serve as the successor chapter 7 trustee for the Debtor's bankruptcy estate.

**B.    Relevant Facts**

12. Prior to the Petition Date, the Defendant and Michael A. Antona were each fifty-percent (50%) shareholders of Inteco International Trade Corp. ("Inteco Corp.").

13. On or about May 9, 2008, the Defendant, Mr. Antona, and Inteco Investor LLC ("Inteco Investor") executed an LLC agreement (the "LLC Agreement") to form the Debtor for the purpose of acquiring the assets of Inteco Corp.

14. Pursuant to the LLC Agreement, the Debtor's members were: (a) the Defendant with a twenty percent (20%) interest; (b) Mr. Antona with a thirty percent (30%) interest; and (c) Inteco Investor with a fifty percent (50%) interest.

15. The LLC Agreement provided that the Defendant and Mr. Antona, among others, were the Debtor's managing members.

16. Pursuant to an asset purchase agreement (the "APA"), the Debtor acquired the assets of Inteco Corp. on or about May 27, 2008.

17. Pursuant to the APA, the Debtor was to pay a total purchase price of $813,622.00 to Inteco Corp. as follows: (a) $500,000.00 upon execution of the APA; and (b) $313,622.00 pursuant to a promissory note issued by the Debtor to Inteco Corp. (the "APA Note").

18. Pursuant to the APA Note, the Debtor was to pay $313,622.00 to Inteco Corp. in forty-two (42) monthly installments of $7,467.19 each.

19. Pursuant to a stock repurchase agreement (the "Repurchase Agreement"), Inteco Corp. repurchased the Defendant's fifty percent (50%) shareholder interest in Inteco Corp. simultaneously with the APA.

20. Pursuant to the Repurchase Agreement, Inteco Corp. was to pay a total purchase price of $813,622.00 to the Defendant as follows: (a) $500,000.00 upon execution of the Repurchase Agreement; and (b) $313,622.00 pursuant to a promissory note issued by Inteco Corp. to the Defendant (the "Stock Note").

21. Pursuant to the Stock Note, Inteco Corp. was to pay $313,622.00 to the Defendant in forty-two (42) monthly installments of $7,467.19 each.

22. On or about May 27, 2008, the Debtor and the Defendant executed a consulting agreement (the "Consulting Agreement") pursuant to which the Defendant was to perform consulting services for the Debtor.

23. Among other things, the Consulting Agreement provided that the Debtor was to make monthly payments to the Defendant in the amount of $12,532.81 each in consideration for the services to be rendered.

24. Although contradictory to the terms of the Consulting Agreement, the Defendant testified that the Debtor made monthly payments to the Defendant in the amount of $20,000.00 each under the Consulting Agreement.

25. The Defendant did not provide consulting services to the Debtor.

26. On or about June 4, 2008, the Debtor and Wells Fargo Trade Capital Services, Inc. ("Wells Fargo") executed an Amended and Restated Loan and Security Agreement (the "Loan Agreement").

27. Pursuant to the Loan Agreement, Wells Fargo loaned $5,840,561.39 to the Debtor.

28. The Loan Agreement was secured by a lien on substantially all of the Debtor's assets (the "Collateral").

29. As a result of the Debtor's failure to make payments to Wells Fargo under the Loan Agreement, Wells Fargo foreclosed on its security interest in the Collateral on or about October 8, 2010.

30. At all relevant times, the Defendant was an insider of the Debtor, as that term is defined in section 101(31) of the Bankruptcy Code.

31. At all relevant times, the Debtor was insolvent, as that term is defined in section 101(32) of the Bankruptcy Code.

32. Within four years of the Petition Date, the Debtor made the following transfers (the "Transfers") to the Defendant:

| Date | Amount | Payment Originated from Debtor's Account No. (Last 4 Digits) | Check No./Reference No. | Payment Received into Defendant's Account No. (Last 4 Digits) |
|---|---|---|---|---|
| 7/1/2008 | $20,000.00 | 1266 | Wire | 7308 |
| 8/6/2008 | $20,000.00 | 1266 | Wire | 7308 |
| 9/12/2008 | $20,000.00 | 1266 | Wire | 7308 |
| 10/8/2008 | $20,000.00 | 1266 | Wire | 7308 |
| 11/13/2008 | $20,000.00 | 1266 | Wire | 7308 |
| 12/17/2008 | $20,000.00 | 1266 | Wire | 7308 |
| 1/23/2009 | $20,000.00 | 1266 | Wire | 7308 |
| 2/17/2009 | $20,000.00 | 1266 | Wire | 7308 |
| 3/16/2009 | $20,000.00 | 1266 | Wire | 7308 |
| 4/10/2009 | $20,000.00 | 1266 | Wire | 7308 |
| 5/22/2009 | $20,000.00 | 1266 | Wire | 7308 |
| 6/24/2009 | $20,000.00 | 1266 | Wire | 7308 |
| 7/21/2009 | $20,000.00 | 1266 | Wire | 7308 |
| 8/21/2009 | $20,000.00 | 1266 | Wire | 7308 |
| 9/21/2009 | $20,000.00 | 1266 | Wire | 7308 |

| | | | | |
|---|---|---|---|---|
| 10/15/2009 | $20,000.00 | 1266 | Wire | 7308 |
| 11/18/2009 | $20,000.00 | 1266 | Wire | 7308 |
| 12/21/2009 | $20,000.00 | 1266 | Wire | 7308 |
| 1/25/2010 | $20,000.00 | 1266 | Wire | 7308 |
| 2/26/2010 | $20,000.00 | 1266 | Wire | 7308 |
| 3/31/2010 | $20,000.00 | 1266 | Wire | 7308 |
| 5/12/2010 | $20,000.00 | 1266 | Wire | 7308 |
| 6/2/2010 | $20,000.00 | 1266 | Wire | 7308 |
| **Total** | **$460,000.00** | | | |

33. $7,467.19 of each of the Transfers will be referred to as the "APA Transfers." $12,532.81 of each of the Transfers will be referred to as the "Consulting Transfers."

34. Each of the Transfers was effectuated using funds on deposit from Account Number 747621266 held in the Debtor's name at JPMorgan Chase Bank, N.A. and deposited in the Defendant's bank account number ending in 7308 at Bank of America, N.A.

## COUNT ONE

35. The Trustee incorporates all allegations of this complaint as if fully set forth herein.

36. Within one year prior to the Petition Date, the Debtor made the APA Transfers totaling $52,270.33 to the Defendant in satisfaction of the Debtor's obligations to Inteco Corp. under the APA Note.

37. Each of the APA Transfers constitutes a transfer of the Debtor's interest in property.

38. Inteco Corp. was a creditor of the Debtor at the time of each of the APA Transfers.

39. Each of the APA Transfers reduced the amount owed by the Debtor to Inteco Corp. under the APA Note.

40. Each of the APA Transfers was made for Inteco Corp.'s benefit.

6

41. Each of the APA Transfers was made on account of an antecedent debt owed by the Debtor to Inteco Corp. before each of the APA Transfers was made.

42. Each of the APA Transfers was made while the Debtor was insolvent.

43. The assets of the Debtor's estate are not sufficient to pay all creditors in full.

44. Each of the APA Transfers enabled Inteco Corp. to receive more than Inteco Corp. would receive in this case had each of the APA Transfers not been made and had Inteco Corp. received payment to the extent provided under the Bankruptcy Code.

**WHEREFORE**, the Trustee demands judgment on Count One of this complaint against the Defendant:

A. Avoiding the APA Transfers pursuant to section 547(b) of the Bankruptcy Code;

B. For $52,270.33, plus interest, pursuant to section 550(a) of the Bankruptcy Code;

C. For attorneys' fees and costs of suit; and

D. For such other and further relief as is just and proper.

## COUNT TWO

45. The Trustee incorporates all allegations of this complaint as if fully set forth herein.

46. Within one year prior to the Petition Date, the Debtor made the Consulting Transfers to the Defendant totaling $87,729.67.

47. Each of the Consulting Transfers constitutes a transfer of the Debtor's interest in property.

48. The Defendant was a creditor of the Debtor at the time of each of the Consulting Transfers.

49. Each of the Consulting Transfers was made for the Defendant's benefit.

50. Each of the Consulting Transfers was made on account of an alleged antecedent debt owed under the Consulting Agreement before each of the Consulting Transfers was made.

51. Each of the Consulting Transfers was made while the Debtor was insolvent.

52. The assets of the Debtor's estate are not sufficient to pay all creditors in full.

53. Each of the Consulting Transfers enabled the Defendant to receive more than the Defendant would receive in this case had each of the Consulting Transfers not been made and had the Defendant received payment to the extent provided under the Bankruptcy Code.

**WHEREFORE**, the Trustee demands judgment on Count Two of this complaint against the Defendant:

A. Avoiding the Consulting Transfers pursuant to section 547(b) of the Bankruptcy Code;

B. For $87,729.67, plus interest, pursuant to section 550(a) of the Bankruptcy Code;

C. For attorneys' fees and costs of suit; and

D. For such other and further relief as is just and proper.

## COUNT THREE

54. The Trustee incorporates all allegations of this complaint as if fully set forth herein.

55. The Debtor made all of the Transfers within four years prior to the Petition Date.

56. The Debtor made all of the Transfers to the Defendant under the Consulting Agreement.

57. Each of the Transfers constitutes a transfer of the Debtor's interest in property.

58. The Debtor made each of the Transfers with actual intent to hinder, delay or defraud the Debtor's creditors as to which the Debtor was or became indebted.

**WHEREFORE**, the Trustee demands judgment on Count Three of this complaint against the Defendant:

    A.    Avoiding the Transfers pursuant to N.J.S.A. 25:2-25a;

    B.    For $460,000.00, plus interest, pursuant to N.J.S.A. 25:2-29 and N.J.S.A. 25:2-30;

    C.    For attorneys' fees and costs of suit; and

    D.    For such other and further relief as is just and proper.

## COUNT FOUR

59.    The Trustee incorporates all allegations of this complaint as if fully set forth herein.

60.    Eighteen (18) of the Transfers totaling not less than $360,000.00 were made within two years of the Petition Date (the "Two Year Transfers").

**WHEREFORE**, the Trustee demands judgment on Count Four of this complaint against the Defendant:

    A.    Avoiding the Two Year Transfers pursuant to section 548(a) of the Bankruptcy Code;

    B.    For $360,000.00, plus interest, pursuant to section 550(a) of the Bankruptcy Code;

    C.    For attorneys' fees and costs of suit; and

    D.    For such other and further relief as is just and proper.

## COUNT FIVE

61.    The Trustee incorporates all allegations of this complaint as if fully set forth herein.

62.    The Debtor received less than a reasonably equivalent value in exchange for each of the Transfers because the Defendant did not provide consulting services to the Debtor.

63. The Debtor was insolvent on the dates that each of the Transfers was made.

64. The Defendant knew or reasonably should have known that the Debtor was insolvent on the dates that each of the Transfers was made.

65. On the dates that the Debtor made each of the Transfers, the Debtor was engaged in a business or a transaction, or was about to engage in a business or transaction, for which any property remaining with the Debtor was an unreasonably small capital.

66. On the dates that the Debtor made each of the Transfers, the Debtor intended to incur, or the Debtor and the Defendant believed or reasonably should have believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

67. Upon information and belief, there exists at least one creditor whose claim against the Debtor arose prior to the date that each of the Transfers was made.

**WHEREFORE**, the Trustee demands judgment on Count Five of this complaint against the Defendant:

A. Avoiding the Transfers pursuant to N.J.S.A. 25:2-25b, N.J.S.A. 25:2-27a and N.J.S.A. 25:2-27b.

B. For $460,000.00, plus interest, pursuant to N.J.S.A. 25: 2-29 and N.J.S.A. 25:2-30;

C. For attorneys' fees and costs of suit; and

D. For such other and further relief as is just and proper.

## COUNT SIX

68. The Trustee incorporates all allegations of this complaint as if fully set forth herein.

**WHEREFORE**, the Trustee demands judgment on Count Six of this complaint against the Defendant:

A. Avoiding the Two Year Transfers pursuant to section 548(b) of the Bankruptcy Code;

B. For $360,000.00, plus interest, pursuant to section 550(a) of the Bankruptcy Code;

C. For attorneys' fees and costs of suit; and

D. For such other and further relief as is just and proper.

FORMAN HOLT ELIADES & YOUNGMAN LLC
Special Counsel for Barbara A. Edwards, as the
chapter 7 trustee for Inteco International Trade LLC


By: */s/ Harry M. Gutfleish*
    Harry M. Gutfleish
    Brigette McGrath

Dated:  November 12, 2012